

# The Attorney General of Texas

December 29, 1983

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

'001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lee F. Jackson
Chairman
Committee on Employment Practices
Texas House of Representatives
P. O. Box 2910
Austin, Texas     78769

Opinion No.  JM–108

Re:  Whether the provisions of article 6243e, V.T.C.S., setting a maximum age of 35 for beginning eligibility in municipal fire department pension funds violate federal age discrimination statute

Dear Representative Jackson:

You have requested our opinion on whether certain provisions of article 6243e, V.T.C.S., setting a maximum age of 35 for beginning eligibility in municipal fire department pension funds, violate the federal age discrimination statute, which protects persons ages 40 to 70.  See 29 U.S.C. §623, et seq.  Specifically, you point to sections 10A(h), 10A-2(f), and 10B of article 6243e.

Subsection 623(a)(1) of the Age Discrimination in Employment Act makes it unlawful for an employer

> to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

Article 6243e, V.T.C.S., which establishes the "Firemen's Relief and Retirement Fund," violates the federal provision, it is suggested, because it establishes a maximum age of 35 years for eligibility to fund membership and makes membership in the fund a condition of employment, thus establishing a maximum entry age for hiring purposes.

We do not agree.  Section 10B of article 6243e specifies that no person shall be eligible to begin participation in a fund on account of prior service who was more than 35 years of age "at the time he began his service as a fireman for the first time."  Sections 10A(h) and 10A-2(f), which concern cities of different sizes, both state the following:

> Each person who shall hereafter become a fireman in any city which has a Firemen's Relief and Retirement Fund to which he is eligible for membership, shall become a member of such Fund as

a condition of his appointment . . . <u>provided, however, that no person shall be eligible to membership in any such Fund who is more than thirty-five (35) years of age at the time he first enters service as a fireman . . . .</u>   (Emphasis added).

The language emphasized above makes it obvious that only those persons eligible to participate in the fund must do so as a condition of employment, and that the hiring of persons not eligible for membership therein because of their age ("at the time he first enters service as a fireman") is anticipated.

Aside from other reasons why the congressional enactment might not apply, subsection 623(f)(2) of the federal law expressly states that it shall not be unlawful for an employer

to observe the terms of . . . any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual . . . .

In <u>Alford v. City of Lubbock</u>, 664 F.2d 1263 (5th Cir. 1982), <u>cert. denied</u>, 456 U.S. 975 (1982), the court held that a provision found in article 6243h, V.T.C.S. (repealed), establishing the Texas Municipal Retirement System -- a provision comparable in all respects to the article 6243e passages -- was not in any way violative of the federal age discrimination law.

We advise that sections 10A(h), 10A-2(f), and 10B of article 6243e, V.T.C.S., are not in violation of the federal age discrimination act, 29 U.S.C. 623, by reason of setting a maximum age of 35 years for beginning eligibility in a municipal fire department pension fund.  Other questions need not be addressed.

### S U M M A R Y

Sections 10A(h), 10A-2(f), and 10B of article 6243e, V.T.C.S., are not in violation of the Federal Age Discrimination Act, 29 U.S.C. 623, by reason of setting a maximum age of 35 years for beginning eligibility in a municipal fire department pension fund.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood